PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* EDMUNDO B. FERNÁNDEZ, Defendant and Appellant. SAME *v.* SAME.

Nos. 5429 and 5430. Argued June 13, 1934.—Decided June 20, 1934.

*Dubón & Ochoteco* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

These cases were begun by complaints filed in the Municipal Court of Bayamón, setting forth similar charges against the same defendant. After having been convicted in the municipal court, he appealed to the district court, where, upon the cases being called for trial *de novo*, they were submitted by the parties on stipulations of fact. The stipulation pertaining to case No. 5429 reads as follows:

"That Edmundo B. Fernández, defendant herein, had, from January 1 to March 31, 1933, and still has, a factory located in the ward of Juan Sánchez, municipal district of Bayamón, solely and exclusively devoted to the manufacture of *alcoholado* (rubbing alcohol) designated as 'Santa Ana' and of bay rum designated 'Boricua'; that the said Edmundo B. Fernández, from January 1

1

to March 31, 1933, has not taken out any internal revenue license corresponding to said quarter, for the manufacture of said *alcoholado* (rubbing alcohol) and bay rum.''

The stipulation in case No. 5430 differs only as to the period during which the defendant operated his factory without a license, namely, ''from April 1 to June 30, 1933.''

The District Court found the defendant guilty in both cases, and he took the present appeals, which were submitted on a single brief and which will be considered jointly in this opinion.

The appellant maintains that the district court erred in holding that manufacturers of *alcoholado* (rubbing alcohol) and bay rum are required by the Internal Revenue Act to take out a license, and hence that it could not convict the defendant of violating said Act.

From the reasoned decision of the court overruling the motion for a nonsuit filed by the defendant, we copy the following:

''The matter of excise taxes is, then, specifically regulated by Title II; and the matter of licenses is specifically regulated by Title IV. Section 84, the pertinent part of which we have already transcribed, is comprised in the latter title.

''Part I of Title IV is entitled thus: 'Business or occupations subject to license taxes.' It covers the entire Section 84. It is there provided that every three months every person engaged in any of the occupations or businesses enumerated in that Section shall pay for every factory the license tax therein prescribed. Subdivision 8 of said Section provides that first-class manufacturers of perfumery containing alcohol shall pay $100, and those of second class, $75, as license tax.

''As the defendant has admitted as true the fact charged against him that he engaged in the manufacture of *alcoholado* (rubbing alcohol) and bay rum without taking out the proper license; as it is provided by Subdivision 8, section 84, Title IV of the Internal Revenue Act, that every manufacturer of perfumery containing alcohol shall pay a license tax; as Section 86 provides·that no person shall engage in any of the businesses or industries specified in the

Act until he shall have paid a license tax in the manner therein prescribed; and as Section 92 makes it a misdemeanor to engage or continue in any industry or occupation subject to a license, without securing the same, a peremptory discharge of the defendant does not lie.

"The complaint charges the defendant with having failed to take out the proper license. He is not charged with non-payment of the excise tax to which Title II of the Act refers, and therefore none of the provisions of Subdivision 32 of Section 16 comprised in said title, which the defendant cites, nor any construction thereof has any application to this case. The question before us, according to the complaint and the stipulated facts, is an alleged violation of Subdivision 8 of Section 84, in Title IV."

There is no doubt that *alcoholado* (rubbing alcohol) and bay rum are classified as cosmetics and perfumes.

"*Bay-rum.*—An aromatic liquid obtained by distilling rum with the leaves of the bay-berry (*Pimenta o Myrcia acus*), or by mixing bay oils, as the oils of myrcia, of orange peel, and of pimienta, with alcohol. It is used as a cosmetic and perfume." (The Standard Encyclopedia, Vol. 3, p. 65, 1931 ed.)

Bay rum is generally known in Puerto Rico by the name of *malagueta* rum and it is obtained by distilling rum with seeds and leaves of *malagueta* or simply by adding *malagueta* oil to the rum. *Alcoholados* are manufactured by distilling rum with *malagueta* and other aromatic seeds and leaves.

Nor is there any doubt that cosmetics and perfumes are subject to excise taxes. Subdivision 32 of Section 11 of the said Act reads as follows:

"Section 32.—*Cosmetics.*—On all cosmetics, essences, toilet water, perfumes, petroleum jellies, creams or oils, rouges, pomades, toilet soaps and powders, hair lotions and any similar substance, article or preparation which as such is distinguished by any name or otherwise, used or to be applied to toilet use or personal adornment, sold, transferred, manufactured or used in, or introduced into Porto Rico, a tax of ten (10) per cent on the selling price."

The appellant however, urges that said Subdivision has been construed, under regulations issued by the Treasurer on July 24, 1931, as follows:

"32. *Cosmetics and Perfumery.*—There shall be considered as such every preparation which is used or applied, or manufactured, or introduced to be used or applied to toilet use, for the bath or for the hair, or to beautify the skin, or to be used as perfume.

"The lotions and essences without perfume, shampoo oils and liquids, talcum powders without perfume, soaps, either liquid or semi-liquid or in any other form without perfume, shaving creams and soaps without perfume, or those which are medicinal or prescribed as such, as well as toothpastes, powders, and liquids, *alcoholados* and bay rum, shall be exempt from the tax."

And he further says that the Act itself provides:

"Section 13.—*Manufacturers.*—For the purposes of this Act, all persons engaged in the manufacture of any product subject to excise taxes, as provided in Section 16 of this Act, or the sale of which is subject to tax under Section 62 hereof, shall be considered as 'manufacturers'."

"Manufacturers disposing of articles manufactured by other persons or dealing therein, who expose them in a special or different form from that in which they were acquired, so that the same shall appear as a new product of finished manufacture, shall also be considered as 'manufacturers'. Manufacturers are not to be considered as such when engaged in the sale of by-products derived from their principal manufacture."

Based thereon he maintains, in short, that "the license tax for manufacture, according to the provisions of the Internal Revenue Act, is conditioned upon the fact that the manufactured product be subject to an excise tax, under Section 16 of the Act, as provided in Section 13 thereof, and, therefore, every product not expressly subject to an excise tax as required by said Section 16, can not be made subject to a license tax by the Treasurer of Puerto Rico, under Section 84 of the Act in question."

Although we must acknowledge, the force of appellant's argument, we think, however, as held by the trial court,

that Section 84 of the Act is applicable to the manufacturers of *alcoholados* and bay rum.

The exemption from taxation provided by Subdivision 32 of Section 16 can not be given a wider scope than the exemption itself warrants. The nature of the *alcoholados* and bay rums has remained unchanged and therefore they may and should be included within the provisions of Section 84 of the Act, which in its pertinent part reads thus:

"Section 84.—Every three months every person engaged in any of the occupations or businesses enumerated in this Section, shall pay for every factory, place, commercial or industrial establishment, the respective license tax herein prescribed, to wit:

"8. Manufacturers of perfumery containing alcohol, first class, one hundred (100) dollars; second class, seventy-five (75) dollars."

The arguments regarding the express exemption from taxation granted to dealers in *alcoholados* and bay rum, on which the appellant also relies, is contrary to his contention. If the intention of the Legislature had been to exempt the manufacturers of *alcoholados* and bay rum from the duty of taking out a license in order to engage in the manufacture thereof, it would have done what it did in the cases of dealers, to exempt them expressly.

The judgments appealed from must be affirmed.